UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ELLEN OKOLITA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:22-cv-00284-LEW |
| | ) |
| AMAZON.COM, INC., | ) |
| AMAZON.COM SERVICES LLC, | ) |
| WALMART.COM USA, LLC, | ) |
| WALMART, INC., and EBAY, INC., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON THE AMAZON DEFENDANTS'
MOTION TO DISMISS**

The matter is before the Court on the Partial Motion to Dismiss (ECF No. 41) filed by the Amazon Defendants. Through their motion, the Amazon Defendants do not challenge the existence of viable claims for relief under the United States Copyright Act, but rather request an order precluding a subset of the remedies requested in Plaintiff Ellen Okolita's First Amended Complaint (ECF No. 32). Ms. Okolita counters that a motion to dismiss is not the proper procedural vehicle to dismiss pleas for remedies.

As a general principle, I agree with Ms. Okolita that a court reviewing a motion to dismiss is principally engaged in a process to determine whether a plaintiff states one or more plausible claims "upon which [any] relief may be granted." Fed. R. Civ. P. 8(a) & 12(b)(6). *See also* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 ("[I]t need not appear that the plaintiff can obtain the particular relief

prayed for in the complaint, as long as the district judge can ascertain from what has been alleged that some relief may be granted by the court.") & n.65 (collecting cases) (3d ed. 2022). On the other hand, it would not be uncommon for a court to grant a motion to dismiss after considering and rejecting a claim based specifically on the unavailability of relief (without necessarily considering the other elements of the claim). *See, e.g.*, *Jane Doe No. 1 v. Backpage.com LLC*, 817 F.3d 12, 28-29 (2016). In any such review process, individual pleas for relief might be dismissed or precluded by interlocutory order despite identifying one or more available remedies.

The Copyright Act also appears be a good candidate for an exception to the general rule given its pointed withholding of certain remedies based on the timing of registration, particularly if the plaintiff's allegations are conducive to a clear determination. *See, e.g.*, *Dickert v. N. Coast Family Health, Inc.*, No. 1:14-cv-00316, 2015 WL 3988676, at *4-5 (D.N.H. June 10, 2015) (dismissing request for statutory damages but otherwise denying motion to dismiss); *Ackourey v. La Rukico Custom Tailor*, No. 2:11-cv-02401, 2011 WL 2790271, at *5 (E.D. Pa. July 15, 2011) (granting motion to dismiss statutory damages for certain alleged acts of infringement but not others). In any event, the number and timing of the underlying (and potentially new) acts of infringement and the identity of the infringer may inform the analysis. I am not persuaded that Ms. Okolita has affirmatively and obviously pled herself out of the possibility of recovery. Stated otherwise, it appears to be plausible that a set of facts could exist or arise to support her request for statutory damages and fees. *See Marlon Blackwell Architects, P.A. v. HBG Design, Inc.*, No. 4:19-cv-00925, 2020 WL 6787921, at *3 (E.D. Ark. Nov. 18, 2020) ("The Court rejects at this stage of the

litigation HBG's attempts to confine the dates of purported infringement based on its argued construction of select language in the complaint.").

The motion (ECF No. 41) is **DENIED**.

**SO ORDERED.**

Dated this 25th day of April, 2023.

/s/ Lance E. Walker<br>
UNITED STATES DISTRICT JUDGE